# United States District Court

FILED 06 JUL 07 13:23 USDC-ORE

DISTRICT OF ___Oregon___

UNITED STATES OF AMERICA
V.

Richard Burnside

## CRIMINAL COMPLAINT

CASE NUMBER: 06 - 2030 m

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or July 6, 2006 in ___Linn___ County, in the

___ District of ___Oregon___ defendant(s) did, (Track Statutory Language of Offense)

Knowingly possess with intent to distribute 500 grams or more of a mixture of methamphetamine, a schedule II controlled substance

in violation of Title ___21___ United States Code, 841(a)(1), (b)(1)(A)(viii) .

I further state that I am a(n) ___Special Agent___ and that this complaint is based on the following
Official Title

facts: See Attached Affidavit, which is incorporated herein by this reference.

Continued on the attached sheet and made a part      ☒ Yes    ☐ No

Brian T. Flannery
Signature of Complainant

Sworn to before me, and subscribed in my presence,

7/7/06
Date

at Eugene, Oregon
City and State

Thomas M. Coffin      U.S. Magistrate Judge
Name and Title of Judicial Officer

Signature of Judicial

STATE OF OREGON       )
                      )     AFFIDAVIT OF BRIAN T. FLANNERY
COUNTY OF LANE        )

I, Brian T. Flannery, being duly sworn on oath, hereby depose and say:

1.  I am a Special Agent (SA) of the United States Drug Enforcement Administration (DEA), United States Department of Justice. As such, I am empowered by Title 21, United States Code, Section 878 to make arrests and obtain and execute search warrants. My job assignment includes, but is not limited, to the investigation of violations of the Title 21, United States Code, Sections 841(a)(1), 846, 843(b), and 856, which includes the detection, identification, and apprehension of those individuals involved in narcotics trafficking offenses. I have been employed as a Special Agent since June 13, 1999. I am currently assigned to the Eugene, Oregon DEA office. I have completed the DEA Basic Agent training program in Quantico, Virginia, which included training in drug recognition, surveillance, arrest procedures, drug trafficking patterns, and techniques used by drug traffickers. I have participated in investigations involving the seizure of various controlled substances, including cocaine, heroin, and methamphetamine, the proceeds there from, and the records relating to the importation, sale and distribution of controlled substances. Prior to my employment with the DEA, I worked for seven years as a police officer in Dallas, Texas and for two and a half years as a police officer in Fort Worth, Texas. During my employment with the Dallas and Fort Worth Police Departments, I was assigned to patrol duties, which included narcotics law enforcement, narcotics investigations and the preparation and execution of search and arrest warrants related to these investigations. I have prepared or assisted in the preparation and execution of at least 150 search warrants. I have made over 1,200 felony arrests, including over 500 felony drug arrests, and participated in over 500 state and federal drug

1                                                          Arrest Affidavit

investigations.  I have personally conducted over 40 undercover (UC) transactions and interviewed over 400 persons regarding state and federal drug investigations.

2.  This affidavit is prepared in support of a criminal complaint charging Richard Burnside with Possession with intent to distribute 500 grams or more of a mixture of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841 (a)(1), and (b)(1)(A)(viii).

3.  I am familiar with the facts set out below due to personal observations, and observations by other law enforcement officers.

4.  On July 5, 2006, the Honorable Thomas M. Coffin, United States Magistrate, authorized the execution Federal search warrant at the residence of Richard Burnside located at 1590 Elm Street, Lebanon, Oregon.

5.  On July 6, 2006, law enforcement agents executed the Federal search warrant at 1590 Elm Street.  Agents located Burnside inside his residence and detained him at the scene without incident.  Agents searched the residence and seized approximately 913 gross grams of methamphetamine, $36,674 in U.S. Currency, two cellular telephones, two digital scales, and seventeen firearms, including fourteen rifles and three handguns.  Special Agent Gary Landers later conducted a field test on the methamphetamine taken from Burnside's residence that showed positive.

6.  Burnside indicated to agents that his wife and son were not involved in drug distribution and that he wished to cooperate.  Burnside was transported to another location where Special Agent Ryan Lawyer and I conducted an interview with him.  I issued Burnside his *Miranda* warnings at approximately 8:03 a.m. Burnside admitted he purchased the methamphetamine

2                                                                 Arrest Affidavit

found in his residence from a Hispanic male named "Juan" the previous day for $9,500 in U.S. Currency (USC). Burnside said he had purchased at least a pound of methamphetamine from "Juan" and his wife "Michelle" once a month for the past year. Burnside provided (971) 235-3945 and (503) 475-9365 as the cellular telephone numbers for "Michelle." Burnside admitted he had used methamphetamine for the past twenty years and usually smoked it three times a day. Burnside said he sold the remainder of the methamphetamine in ounce quantities for $800 per ounce to "three or four people" in the Lebanon area. Burnside refused to identify to whom he sold the methamphetamine. Burnside claimed he always paid cash for the methamphetamine, sold it in the same manner, and never "fronted" the drugs. Burnside also claimed he had approximately $25,000 USC in one sack and $25,000-$30,000 USC in a second sack inside a safe in his residence that was proceeds from drug sales.

7. At the conclusion of the interview Burnside stated, "The moment I get a chance, I'll blow my fucking head off." I asked Burnside if he needed to be placed on a suicide watch, and he responded "no." Burnside said he feared he would lose his wife and his child, and said several times throughout the interview, "it's all over." I told Burnside that serving ten years in prison was better than death and he responded, "Prison's not for me. I've had a good life."

8. Based on the foregoing, I have probable cause to believe and do believe that on July 6, 2006, Richard Burnside committed the crime of Possession with intent to distribute 500 grams or more of a mixture of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841 (a)(1), and (b)(1)(A)(viii). I respectfully request that the court authorize a criminal complaint and warrant for the arrest of Richard Burnside.

9. Assistant U.S. Attorney Scott Kerin has reviewed this affidavit and concurs that there is probable cause for the arrest of Burnside.

Dated this _____ day of July, 2006

_____
Brian T. Flannery, Special Agent
Drug Enforcement Administration

SUBSCRIBED AND SWORN before me this _____ day of July, 2006

_____
Thomas M. Coffin
U.S. MAGISTRATE JUDGE

4                                                                    Arrest Affidavit